IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RASHEEN MINES,<br><br>        Petitioner,<br><br>   v.<br><br>C. JOHNSON,<br><br>        Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 17-4493 (JBS)<br><br>**OPINION** |

APPEARANCES:

Rasheen Mines, Petitioner pro se
56248066
Fairton
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320

**SIMANDLE, Chief Judge:**

## I. INTRODUCTION

Rasheen Mines, a federal prisoner confined at FCI Fairton, New Jersey, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asking the Court to resentence him without the career offender sentencing enhancement. Petition, Docket Entry 1. For the reasons expressed below, this Court will dismiss the petition for lack of jurisdiction.

## II. BACKGROUND

A jury convicted Petitioner and his co-defendants of conspiracy to violate the Hobbs Act, 18 U.S.C. §§ 1951(a),

(b)(1), and (b)(3), and the Travel Act, 18 U.S.C. §§ 1952(a)(2), (a)(3)(B), (b) and (2); substantive violations of the Hobbs Act and the Travel Act; brandishing a firearm in connection with a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii) and (2); and possession of a firearm by a convicted felon, under 18 U.S.C. § 922(g)(1) and (2). *See* Amended Judgment, *United States v. Mines*, Cr. No. 06-126-JBS-4 (D.N.J. entered May 1, 2007), Docket Entry 147 at 1. Petitioner received a prison sentence of 480 months. *Id.* at 2.[1] The Third Circuit affirmed the conviction and sentence. *United States v. Hernandez*, 306 F. App'x 719, 723 (3d Cir. 2009). The U.S. Supreme Court denied certiorari. *Mines v. United States*, 558 U.S. 905 (2009).

Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on October 7, 2010 raising various ineffective assistance of counsel claims. This Court denied the motion. *Mines v. United States*, No. 10-5163, 2013 WL 6187185, at *2 (D.N.J. Nov. 26, 2013), *certificate of appealability denied*, No. 14-4059 (3d Cir. June 8, 2015). Petitioner thereafter filed a motion in the U.S. Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 2244(b) requesting permission to file a second or successive § 2255 motion. *In re: Rasheen Mines*, No. 16-2545 (3d Cir. stayed May

---

[1] The court takes judicial notice of this public record.

26, 2016).[2] Petitioner argued his sentence was unconstitutional due to the Supreme Court's new decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015)(holding residual clause of Armed Career Criminal Act ("ACCA") was void for vagueness).

Petitioner filed the instant petition on June 16, 2017. He argues that his state court burglary conviction is broader than the generic burglary charge, meaning he can no longer be considered a career offender due to the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016) (holding a prior conviction does not qualify as the generic form of a predicate violent felony offense listed in the ACCA if an element of the crime of conviction is broader than an element of the generic offense). He asks the Court to resentence him without the career offender designation.

### III. STANDARD OF REVIEW

Petitioner brings this petition as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A pro se habeas petition and

---

[2] The court takes judicial notice of this public record.

any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney Gen.*, 878 F.2d 714, 721–22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

## IV. ANALYSIS

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). A challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his

detention.'" *Snyder v. Dix*, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); *see also In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).

"A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Id.* at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538 (citation omitted); *see also Okereke*, 307 F.3d at 120-21.

Petitioner does not argue that he is innocent of the offense for which he was convicted. Instead, he asserts the career offender sentencing enhancement no longer applies to his sentence. "[B]ecause he is challenging his career offender designation and is not claiming that he is now innocent of the predicate offense, he does not fall within the 'safety valve' exception created in *In re Dorsainvil* and cannot proceed under § 2241." *Scott v. Shartle*, 574 F. App'x 152, 155 (3d Cir. 2014).

5

*See also United States v. Brown*, 456 F. Appx. 79, 81 (3d Cir. 2012) (per curiam) (holding prisoner not entitled to proceed under § 2255's "safety valve" when he "makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender") (internal citation omitted), *cert. denied*, 133 S. Ct. 201 (2012). The Court therefore lacks jurisdiction over the petition under § 2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. As Petitioner has already filed a § 2255 motion, he would need permission from the Third Circuit before this Court would have jurisdiction over a second or successive § 2255 motion. The Court finds that it is not in the interests of justice to transfer this habeas petition to the Third Circuit as Petitioner already has a § 2244(b) motion pending in that court. *In re: Rasheen Mines*, No. 16-2545 (3d Cir. stayed May 26, 2016).[3] Nothing in this opinion, however,

---

[3] Petitioner indicated in his original filing that he had not "ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence[.]" Petition ¶ 10(b). The Court reminds Petitioner that submissions to the Court are done under penalty of perjury,

6

should be construed as expressing any view of the merits of Petitioner's presently pending motion under § 2244(b) in the Court of Appeals.

## V. CONCLUSION

For the reasons stated above, the petition is dismissed for lack of jurisdiction. An accompanying Order will be entered.

| | |
|---|---|
| **August 28, 2017** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | U.S. District Judge |

---

as Petitioner acknowledged on the signature page of the petition.